United States District Court
Southern District of Texas
FILED

MAR -5 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | CRIMINAL NO. B-18-293-S1 |
| GEORGE ZAHI RAFIDI | § | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

1. The Popular Front for the Liberation of Palestine (also referred to in this Indictment as the "Popular Front") is designated by the President of the United States, for purposes of United States Law, as a "Specially Designated Terrorist" organization pursuant to Executive Order 12947. 60 Fed. Reg. 5079 (Jan. 23, 1995).

2. The Popular Front for the Liberation of Palestine is designated by the Secretary of State of the United States, for purposes of United States law, as a "Foreign Terrorist Organization." 62 Fed. Reg. 52650-01 (Oct. 8, 1997).

3. GEORGE ZAHI RAFIDI was born in Ramallah, Palestine in 1975.

4. On or about April 16, 1997, the Israel Defense Forces (IDF) charged RAFIDI in a four count indictment alleging:

    Count 1: Membership in an illegal organization, the Popular Front,

    Count 2: Throwing stones towards vehicles,

    Count 3: Activities against Public Order by participating in disorderly conduct by flying flags and writing slogans on behalf of the Popular Front, and

    Count 4: Violating the peace of the region by trying to broker a weapons purchase.

5. On July 1, 1997, pursuant to a plea agreement, the court amended the indictment to dismiss counts 2 and 4. On the same date, RAFIDI plead guilty to the amended indictment and was found guilty of membership in an illegal organization, the Popular Front, and activities against public order. RAFIDI was sentenced to 18 months imprisonment, eight months of which were probated.

6. Prior to completing his sentence, RAFIDI was released as part of a prisoner exchange between Israel and Jordan.

## DEFENDANT RAFIDI'S APPLICATION
## FOR POLITICAL ASYLUM

7. On or about December 17, 2000, RAFIDI entered the United States on a tourist visa. Thereafter, RAFIDI applied for political asylum. During the asylum application process, RAFIDI presented a birth certificate proving he was born in Ramallah, Palestine. RAFIDI stated that he was politically active in Palestine by participating in the Intifada, the Palestinian uprising against Israeli occupation of the West Bank and Gaza Strip, and by being elected as a member of the student body at Beir Zeit University. RAFIDI stated that these political activities drew the attention of the Israeli government. RAFIDI admitted that he had been imprisoned by the Israeli government, but claimed that the Israeli government had falsely accused him of being a member of HAMAS, a terrorist organization, and of having thrown stones at soldiers. RAFIDI did not disclose his conviction for being a member of the Popular Front nor the details of his plea agreement in the Israeli military court. RAFIDI's application for political asylum was granted on January 2, 2002.

8. On September 25, 2001, RAFIDI was arrested for shoplifting in Humble, Harris County, Texas. On November 1, 2001, RAFIDI was convicted a class "C" misdemeanor theft and was imposed a fine of $200.00.

9. On September 10, 2002, RAFIDI was arrested and charged with Felony Theft in Pasadena, Harris County, Texas. On November 8, 2002, RAFIDI was sentenced to three years deferred adjudication probation for this offense. On January 6, 2004, RAFIDI received an early termination from supervision.

### DEFENDANT RAFIDI'S APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS

10. On or about January 27, 2003, RAFIDI applied to become a lawful permanent resident of the United States by completing an Application to Register Permanent Residence or Adjust Status (Form I-485). Under penalty of perjury, RAFIDI attested that such application and the evidence submitted with it was true and correct.

11. On Part 3, Question C of the Application to Register Permanent Residence or Adjust Status, in response to the question "List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write 'none'. Include the name(s) of organization(s), location(s), dates of memberships from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper", RAFIDI falsely answered "NONE."

12. On Part 3, Question 1b of the Application to Register Permanent Residence or Adjust Status, in response to the question "Have you ever, in or outside the U.S.: been

arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?", RAFIDI falsely checked the box marked "No."

13. On Part 3, Question 1c of the Application to Register Permanent Residence or Adjust Status, in response to the question "Have you ever, in or outside the U.S.: been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action?", RAFIDI falsely checked the box marked "No."

14. On Part 3, Question 4 of the Application to Register Permanent Residence or Adjust Status, in response to the question "Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to, any person or organization that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity?", RAFIDI falsely answered "No."

15. On or about February 28, 2007, RAFIDI was granted lawful permanent resident status and obtained a Permanent Resident Card.

16. On August 25, 2009, RAFIDI was detained by United States law enforcement officers at the Gateway International Bridge in Brownsville, Texas concerning $28,995.00 RAFIDI failed to declare as he attempted to leave the United States.

17. On October 21, 2010, RAFIDI purchased a 2006 Bentley vehicle from K&S Auto Sales, Inc. in San Diego, California. The total cost of the vehicle was $55,934.94. The purchase documents indicate that RAFIDI made a down payment of $26,000,00 and financed the remaining amount.

18. In November 2010, RAFIDI applied for a home loan with Falcon International Bank in connection with the purchase of a home in Brownsville, Texas. During the home application process, RAFIDI made a false statement to Falcon International Bank claiming that he had not purchased a vehicle from K&S Auto Sales, Inc. This false statement was made in violation of 18 United States Code, Section 1014.

## DEFENDANT RAFIDI'S APPLICATION FOR UNITED STATES CITIZENSHIP

19. On or about January 10, 2012, RAFIDI signed under penalty of perjury his Application for Naturalization (Form N-400) attesting that such application was true and correct.

20. Part 3, Question D of the naturalization application asked for RAFIDI to list his country of birth. RAFIDI falsely answered "Jerusalem."

21. Part 3, Question E of the naturalization application asked for RAFIDI to list his country of nationality. RAFIDI falsely answered "Jerusalem."

22. On Part 10, Question 8(a) of the naturalization application, in response to the question "Have you **ever** been a member of or associated with any organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place?", RAFIDI falsely checked the box marked "No."

23. On part 10, Question 8(b) of the naturalization application, in response to the question "If you answered "Yes," list the name of each group below. If you need more space, attach the names of the other group(s) on a separate sheet of paper", RAFIDI answered "N/A." Because a truthful answer by RAFIDI to question 8(a) would have been "Yes," RAFIDI was required to but did not provide the name of any group.

24. On Part 10, Question 9(c) of the naturalization application, in response to the question "Have you **ever** been a member of or in any way associated (either directly or indirectly) with: a terrorist organization?", RAFIDI falsely checked the box marked "No."

25. Part 10, Section D, of the naturalization application advised that:

> For the purposes of this application, you must answer "Yes" to the following questions, if applicable, even if your records were sealed or otherwise cleared or if anyone, including a judge, law enforcement officer or attorney, told you that you no longer have a record.

26. Part 10, Section D, of the naturalization application further advised that:

> If you answered "yes" to any Questions 15 through 21, complete the following table. If you need more space, use a separate sheet of paper to give the same information.

The table required information to the following questions:

1. Why were you arrested, cited, detained, or charged?
2. Date arrested, cited, detained, or charged? (*mm/dd/yyyy*)
3. Where were you arrested, cited, detained, or charged? (*City, State, Country*)
4. Outcome or disposition of the arrest, citation, detention or charge (*No charges filed, charges dismissed, jail, probation, etc.*)

27. On Part 10, Question 15 of the naturalization application, in response to the question "Have you **ever** committed a crime or offense for which you were not arrested?", RAFIDI falsely checked the box marked "No."

28. On Part 10, Question 16 of the naturalization application, in response to the question "Have you **ever** been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?", RAFIDI failed to disclose that he had been detained by United States law enforcement officers on August 20, 2009, and failed to disclose his arrest by the Israel Defense Forces (IDF).

29. On Part 10, Question 17 of the naturalization application, in response to the question "Have you **ever** been charged with committing any crime or offense?", RAFIDI failed to disclose the charges brought against him the by the Israel Defense Forces (IDF).

30. On Part 10, Question 18 of the naturalization application, in response to the question "Have you **ever** been convicted of a crime or offense?", RAFIDI failed to disclose that he had been convicted of (1) Membership and activity in an unlawful association, the Popular Front, and (2) Activities against Public Order in the Israeli Military Court in Beit El, West Bank.

31. On Part 10, Question 20 of the naturalization application, in response to the question "Have you **ever** received a suspended sentence, been placed on probation or been paroled?", RAFIDI failed to disclose the disposition of the charges brought against him by the Israel Defense Forces (IDF).

32. On Part 10, Question 21 of the naturalization application, in response to the question "Have you **ever** been in jail or prison?", RAFIDI falsely answered "1 night", when in fact, as RAFIDI then well knew, he had spent several months in prison following his convictions for (1) Membership and activity in an unlawful association, the Popular Front, and (2) Activities against Public Order in the Israeli Military Court in Beit El, West Bank.

33. On Part 10, Question 23 of the naturalization application, in response to the question "Have you **ever** given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?", RAFIDI answered "No", when in fact, as Defendant RAFIDI well knew, he had given false and misleading information in his political asylum application and his application to Register Permanent Residence or Adjust Status (Form I-485).

34. On or about April 18, 2018, an immigration officer interviewed RAFIDI in Cameron County, Texas, regarding his naturalization application. During that interview, the immigration officer reviewed with RAFIDI the answers he had provided on his naturalization application. RAFIDI made no corrections to the questions referenced in paragraphs 20-33 of the General Allegations of this Indictment. Rather, while under oath, RAFIDI reaffirmed, through false testimony, the lies stated in those paragraphs.

## COUNT ONE

Paragraphs 1 through 34 of the General Allegations are hereby incorporated by reference.

Between on or about January 10, 2012, and April 18, 2018, in the Southern District of Texas, Defendant,

**GEORGE ZAHI RAFIDI,**

knowingly attempted to procure his naturalization as a United States citizen contrary to law, that is, defendant knowingly made the false statements alleged in paragraphs 20-34 of the General Allegations of this Indictment.

In violation of Title 18, United States Code, Section 1425(a).

## COUNT TWO

Paragraphs 1 through 34 of the General Allegations are hereby incorporated by reference.

On or about January 8, 2017, within the Southern District of Texas, defendant,

**GEORGE ZAHI RAFIDI**

did knowingly use and possess an immigrant visa, that is a Permanent Resident Card, which the defendant knew to have been procured by means of a false claim and statement

and otherwise unlawfully obtained, that is, defendant made the false statements alleged in paragraphs 11-14 of the General Allegations of this Indictment in his Application to Register Permanent Residence or Adjust Status (Form I-485).

In violation of Title 18, United States Code, Section 1546(a).

## COUNT THREE

Paragraphs 1 through 34 of the General Allegations are hereby incorporated by reference.

On or about April 18, 2018, within the Southern District of Texas, defendant,

**GEORGE ZAHI RAFIDI**

knowingly made a false statement under oath in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, in that, while under oath in connection with an Application for Naturalization (Form N-400), defendant made the false statements alleged in paragraphs 20-34 of the General Allegations of this Indictment to an immigration officer employed with the United States Citizenship and Immigration Services.

In violation of Title 18, United States Code, Section 1015(a).

## COUNT FOUR

On or about April 18, 2018, in the Southern District of Texas, defendant,

**GEORGE ZAHI RAFIDI**

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, that he had only been arrested, cited or detained by law enforcement officers on two occasions.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FIVE

On or about April 18, 2018, in the Southern District of Texas, defendant,

**GEORGE ZAHI RAFIDI**

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, that his nationality and place of birth was Jerusalem.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SIX

On or about January 21, 2011, within the Southern District of Texas, defendant,

**GEORGE ZAHI RAFIDI**

knowingly made a false statement and report, for the purpose of influencing the action of Falcon International Bank, a federally insured financial institution, in connection with a home loan, in that defendant did falsely represent to Falcon International Bank that defendant did not purchase a vehicle from K & S Auto, Inc. in October 2010.

In violation of Title 18, United States Code, Section 1014.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
ISRAEL CANO III
Assistant United States Attorney